85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Keith M. HEROLD, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-3990.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1996.
 
 1
 Before: MARTIN and SILER, Circuit Judges; HOOD, District Judge.*
 
 ORDER
 
 2
 Keith M. Herold, through counsel, appeals a district court order affirming the Secretary's denial of his application for social security disability insurance benefits (DIB) and supplemental security income (SSI) benefits. 42 U.S.C. § 405(g). The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Herold filed his application for SSI on July 11, 1990. He then filed an application for DIB on August 22, 1990. Herold alleged that he has been unable to work since August of 1983 because of a back injury that occurred in November of 1982. After a hearing was held, the Administrative Law Judge (ALJ) concluded that the claimant was unable to perform his past relevant work as a mechanic and a taxicab driver, but that he retained the residual functional capacity (RFC) to perform light work and sedentary work. The ALJ also concluded that Herold had the capacity for a range of light work that had not been significantly compromised by Herold's non-exertional limitations. Accordingly, the ALJ denied Herold's application for benefits. The Appeals Council denied Herold's request for review of that decision.
 
 
 4
 Herold filed a timely complaint in federal district court, on December 27, 1993. A magistrate judge considered all the relevant medical evidence and recommended affirming the Secretary's decision to deny benefits. The district court considered this report and recommendation and the plaintiff's objections to that report, and concluded that the Secretary's decision should be upheld.
 
 
 5
 On appeal, Herold presents for consideration the following issues: 1) whether substantial evidence supports the Secretary's reliance on the medical-vocational guidelines (grids); and 2) whether substantial evidence supports the Secretary's decision that there are a significant number of jobs in the economy that the claimant can perform.
 
 
 6
 This court concludes that substantial evidence supports the Secretary's decision to deny Herold benefits. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The ALJ did not misapply the grids when he relied on them only as a "framework" in his decision-making process. Abbott v. Sullivan, 905 F.2d 918, 926-27 (6th Cir.1990). The ALJ properly relied on the VE's testimony that Herold could do other work, considering his age, education, work experience, impairment and limitations. See Moon v. Sullivan, 923 F.2d 1175, 1186 (6th Cir.1990).
 
 
 7
 Substantial evidence also supports the Secretary's conclusion that the jobs Herold could perform exist in significant numbers in the regional and national economy. Although the VE testified that Herold could perform only a "handful" of jobs that existed in significant numbers, the regulations require that only "one or more occupations" be available to the claimant. See 20 C.F.R. §§ 404.1566(b), 416.966(b). It was the ALJ's responsibility to evaluate the trustworthiness of the VE's testimony and this court concludes that the ALJ appropriately applied a "common sense" approach to the issue of whether the available jobs existed in "significant numbers" under the regulations. Sias v. Secretary of Health and Human Servs., 861 F.2d 475, 480 (6th Cir.1988) (per curiam); Hall v. Brown, 837 F.2d 272, 275 (6th Cir.1988).
 
 
 8
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation